JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06837 PA (Ex) | Date | July 30, 2020 |
|---|---|---|---|
| Title | Diana Landaverde v. Movado Group, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendants Movado Group, Inc., Movado Retail Group, Inc., and Steve Danielian (collectively "Defendants"). (Dkt. No.1 ("Removal").) Defendants contend that this Court possesses diversity jurisdiction over the claims filed by plaintiff Diana Landaverde ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    "Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    To invoke this Court's diversity jurisdiction, Defendants must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

    Here, Defendants' Removal states "Plaintiff is, and was at the time the State Court action was filed, a resident of the County of Los Angeles, California. Therefore, Plaintiff is a citizen of California for purposes of diversity jurisdiction." (Removal ¶¶ 9-10 (citing Compl. ¶ 1).) The Complaint alleges that Plaintiff "is, and at all times mentioned herein was a resident of the County of Lo[s] Angeles, California." (Compl. ¶ 1.) But residence is not necessarily the same as domicile. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06837 PA (Ex) | Date | July 30, 2020 |
|---|---|---|---|
| Title | Diana Landaverde v. Movado Group, Inc., et al. | | |

citizen of that state."). Therefore, Defendants have not properly alleged Plaintiff's citizenship. Id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Even if Defendants had properly alleged Plaintiff's citizenship in California, they still would not have made a sufficient showing that there is fraudulent joinder in this case. Here, Defendants makes no allegations in their Notice of Removal regarding the citizenship of defendant Steve Danielian. Instead, Defendants contend that the citizenship of Danielian should be ignored because he is fraudulently joined. The Ninth Circuit recognizes an exception to the complete diversity requirement where a defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id. (citing Archuleta v. American Airlines, Inc., No. CV 00-1286, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000)).

While a court can look at evidence including declarations, a court should remand a case "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Morris, 236 F.3d at 1066. "Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. 13CV4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend [her] complaint to cure [the] purported deficiency.'" Id. (citing Padilla v. AT&T Corp., 597 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06837 PA (Ex) | Date | July 30, 2020 |
|---|---|---|---|
| Title | Diana Landaverde v. Movado Group, Inc., et al. | | |

Here, Defendants contend that Plaintiff "has strategically named Danielian as a defendant in one of her eleven causes of action in the Complaint: (1) Harassment on the basis of Pregnancy, Sex, and/or Disability in violation of FEHA." (Removal ¶ 21.) Defendants argue Plaintiff only alleges "she told Danielian in October 2018 that she was pregnant, and approximately a month later, Danielian commented to her that he had 'a feeling [she] wouldn't come back,'" and posted a "position to hire a new keyholder." (Id. ¶ 17.) Defendants argue Danielian is a "'fraudulent' or 'sham' defendant because these allegations cannot constitute harassment as a matter of law. (Id. ¶ 22.)

Defendants' argument is unpersuasive. First, the above allegations are not the only allegations Plaintiff makes in her Complaint that involve Danielian. For example, Plaintiff's Complaint states that after she shared with Danielian that she was pregnant, "Defendants transitioned her job duties to another Assistant Manager, . . . and ignored, shunned, and ostracized Plaintiff." (Compl. ¶¶23-24.) Further, while the Complaint "may indeed be deficient as accused, . . . leave to amend those deficiencies would be appropriate," and "[r]emand must be granted unless the [Defendants] show[] that [Plaintiff] would not be afforded leave to amend [her] complaint to cure the purported deficiency." Nation, 2013 WL 12144106, at *2. All Defendants have shown here is that Plaintiff's allegations, as currently stated, may be insufficient. Defendants have made no showing that Plaintiff would not be granted leave to amend her allegations to sufficiently state a claim for relief against Danielian.

The Court finds that Defendants have not met their "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on her claims against Danielian. Danielian is therefore not "fraudulently joined," and the Court cannot ignore his citizenship for purposes of the Court's exercise of diversity jurisdiction.

For the reasons stated above, Defendants have failed to establish that complete diversity exists. See 28 U.S.C. § 1447(c). The Court does not have jurisdiction over this action. Accordingly, the Court remands this action to the Superior Court of the State of California for the County of Los Angeles, Case No. 20STCV19286, for lack of subject matter jurisdiction.

IT IS SO ORDERED.